UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN BURKLEY,**

    **Plaintiff,**

v.                                                      Case No. 8:17-cv-1337-T-27TBM

**ALCATEL-LUCENT RETIREMENT
INCOME PLAN, et al.,**

    **Defendants.**
_____/

## **ORDER**

**BEFORE THE COURT** are Defendants' Motion to Dismiss Count II of the Complaint (Dkt. 18), Plaintiff's response (Dkt. 19), and Defendants' Reply (Dkt. 30). Upon consideration, the Motion to Dismiss Count II is DENIED.

**I.    BACKGROUND**

The Complaint alleges three claims for relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. Count I alleges a claim for benefits under the Alcatel-Lucent Retirement Income Plan ("the Plan") under Section 502(a)(1)(B) of ERISA and seeks declaratory relief. (Dkt. 1, ¶ 1). Count II alleges a breach of fiduciary duty for failure to respond appropriately to Plaintiff's inquiries about the Plan operations under Section 502(a)(3) and seeks equitable relief. (Id. at ¶ 2). Count III alleges a failure to provide Plan documents under Sections 104(b)(4) and 502(c)(1) and seeks statutory penalties. (Id. at ¶ 3). Defendants move to dismiss Count II as duplicative of Count I and the claim for statutory penalties in Count III.

In October 2015, Plaintiff was notified that the prior administrator had "used the incorrect mortality and interest factors in determining [his] benefit under the AG Program" and "incorrectly

used an early reduction to an annuity calculated at normal retirement date." (Dkt. 1, ¶ 11). He alleges that the prior administrator identified the incorrect factors as 83 GAM mortality and 6% interest, rather than a conversion factor based on interest and mortality under 26 U.S.C. §417(e). (*Id.*) After the correction, his projected single life annuity decreased from $1765.01 monthly to $1400.65 monthly (*Id.*) He requested that his benefits be computed using the 83 GAM mortality, the 6% interest factor, and the early reduction factor previously used. (Id. at ¶ 12), and. requested information and documents relating to the change in benefits, and an explanation from the Plan Administrator. (Id. at ¶¶ 13-14). He alleges that the responses he received were incomplete and "disingenuous." (Id. at ¶¶ 15-18).

## II.    STANDARD

A complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When ruling on a motion to dismiss, the facts alleged in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679.

## III.    DISCUSSION

Section 502(a)(1)(B) of ERISA, codified in 29 U.S.C. § 1132(a)(1)(B), provides a civil action

by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." And Section 502(a)(3), codified in 29 U.S.C. § 1132(a)(3), provides a civil action:

> [B]y a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [the] subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

An ERISA plaintiff cannot state a valid claim for equitable relief under Section 502(a)(3) when Section 502(a)(1)(B) affords the plaintiff an adequate remedy. *Varity Corp v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L.Ed. 2d 130 (1996). Section 502(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere remedy." *Id.* at 512, 116 S. Ct. at 1065; *see also Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) ("[A]n ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under Section 502(a)(3).").

In this Circuit, the relevant question is whether the plaintiff has a cause of action "based on the same allegations" under the other remedial provisions of ERISA. *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004).[1] The facts supporting the claim, rather than the nature of the relief sought, control whether a plaintiff can proceed with a claim for equitable relief under Section 502(a)(3). *Id.*

---

[1] In *Jones*, the appellants pled a section 502(a)(1)(B) claim based on denial of benefits and an alternative section 502(a)(3) claim alleging that the plan administrators "breached their fiduciary obligations, not by withholding a vested benefit, but by engaging in a systematic pattern of misrepresentation that caused the Appellants to believe that their insurance benefit would not be changed during their retirement." *Jones*, 370 F.3d at 1071. For purposes of their section 502(a)(3) claim, the appellants conceded that they were not entitled to the group life benefit under the terms of their plan and therefore assumed that no remedy was available under 502(a)(1)(B). *Id.* at 1074. The Eleventh Circuit consequently reversed the district court's dismissal of the claim.

3

While Count I, the Section 502(a)(1)(B) claim, and Count II, the Section 502(a)(3) claim, incorporate the same underlying allegations (Dkt. 1, ¶¶ 20, 22), it is not clear at this stage that the factual allegations on which each count relies are the same, or that the remedies sought are duplicative. In Count I, he seeks a determination that he is entitled to unreduced benefits, computed using the 83 GAM mortality, the 6% interest factor, and the early reduction factor. In Count II, distinct from his claim for unreduced benefits, he alleges that Defendants breached their fiduciary duties by refusing to respond to his "legitimate" requests for an explanation and failing to provide complete and accurate responses regarding his benefit calculations.[2] (S*ee* Dkt. 1, ¶ 24) ("The above were legitimate requests for information as to the calculation of Burkley's benefits in the Plan.").

For purposes of the motion too dismiss, therefore, drawing all reasonable inferences in Plaintiff's favor, his claim for relief in Count II and the facts supporting that claim are distinct from and independent of the claim in Count I for unreduced benefits and therefore states a claim for breach of fiduciary duty. Accordingly, his Section 502(a)(3) claim in Count II is not duplicative of Count I. *See Jones*, 370 F.3d at 1074.

Finally, the relief sought in Count II is not duplicative of the relief sought in Count III, since the documents requested are not the same. As Defendants implicitly acknowledge, Count II is premised in part on documents that are not required to be produced under Section 502(c).. Section 104(b)(4), on the other hand, requires a plan administrator to "furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." In addition to plan documents, Plaintiff requested documents he believes he was entitled

---

[2] Plaintiff explains: "Defendants have blocked Plaintiff's access to key documents that are necessary for determining this case, namely past plan documents and past plan amendments as well as calculations." (Dkt. 19 at 4).

to relating to how and why his benefit calculations were changed, and which he contends are needed to "determine the appropriateness of Defendant's calculations." (Dkt. 19 at 5, Dkt. 1 ¶¶ 12-18). At this stage of the case, Count II is therefore is not duplicative of Count III under *Jones,* 370 F.3d at 1073.

Accordingly, Defendants' Motion to Dismiss Count II of the Complaint (Dkt. 18) is **DENIED**. Defendants shall answer Count II within ten (10) days.

**DONE AND ORDERED** this 13th day of September, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record